IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MATT P. STEWART, | ) | CASE NO. 4:17 CV 224 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| S. MERLAK, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Matt P. Stewart filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Stewart is incarcerated in the Elkton Federal Correctional Institution ("FCI-Elkton"), having been convicted in the United States District Court for the Eastern District of Michigan pursuant to a plea agreement on one count of conspiracy to distribute a controlled substance (cocaine) over five kilograms. He was sentenced on February 28, 2011 to a term of 240 months in prison.[1] In this Petition, Stewart contends he is entitled to jail time credit for the time he spent on house arrest, and the time he spent on bond, but not under house arrest, pending his voluntary surrender to federal prison on January 25, 2012. He seeks credit toward his federal sentence.

**Factual and Procedural Background**

Stewart was arrested on September 14, 2007. He was released on bond on house arrest with electronic monitoring on September 24, 2007. The electronic monitoring was discontinued

on August 4, 2008 and he remained free on bond. He was convicted pursuant to a plea agreement and was sentenced to 240 months incarceration on February 28, 2011. He voluntarily reported to prison on January 25, 2012.

Stewart contends he is entitled to credit toward his federal sentence for the time he spent under house arrest and the time he spent out on bond pending surrender to prison. He reasons that he was subject to monitoring and his movements and activities were restricted. He argues this qualifies as official detention under 18 U.S.C. § 3583(b)(1), which entitles him to jail time credit toward his sentence.

**Standard of Review**

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Stewart is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

**Analysis**

The date on which a defendant's sentence commences and the credit he is to be given for

time he has spent in custody are governed by 18 U.S.C. § 3585, which provides as follows:

> (a) Commencement of sentence.-A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.-A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b)(2006). It is therefore within the authority of the Bureau of Prisons ("BOP") to determine when a sentence is deemed to commence under § 3585(a). *United States v. Wilson*, 503 U.S. 329 (1992) (BOP determines credit issues, not the district courts).

The Supreme Court clarified that once a defendant, like Stewart, is "admitted to bail, even on restrictive conditions" he is "released" and not officially detained for purposes of 18 U.S.C. §3538(b). *Reno v. Koray*, 515 U.S. 50, 51 (1995). The Court recognized that there is a significant distinction between all defendants released on bail, and those committed to the custody of the Attorney General. *Id.* at 63. Detained defendants, unlike those released on bail, always remain subject to the control of the BOP and are subject to the BOP's disciplinary procedures, summary reassignment to another correctional facility, and complete discretion to control many conditions of confinement. *Id.*

While release on house arrest is more restrictive than release on bond without conditions, this is not considered "official detention." The plain meaning of the term "detention," *as it is*

used in 18 U.S.C. 3585, excludes pretrial and post-trial release subject to house arrest under circumstances where the defendant is not within the physical custody of the Attorney General or the United States Marshal. *Cofield v. Ne. Ohio Corr. Ctr.*, 407 CV 1172, 2007 WL 1974849, at *3 (N.D. Ohio July 2, 2007); *Medina v. Clark*, 791 F.Supp. 194, 196-97 (W.D.Tenn.1992). Stewart's terms of release do not approach the type of restrictions that are usually associated with official detention, and he was not in the custody of the Attorney General while he was under house arrest. The statute precludes sentence credits for the time Stewart was released on house arrest and the time he was free on bond pending his voluntary surrender to prison.

**Conclusion**

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: June 12, 2017

---

1 Stewart's sentencing hearing was conducted on February 28, 2011. The Judge signed his Judgment of conviction on March 3, 2011.